Riley's Administrator *v.* Riley.

## RILEY'S ADMINISTRATOR *vs.* RILEY.

1. The erection of buildings by the husband, on the leasehold lands of his wife, and collecting the rents, is not such disposition of them as will take away the wife's right of survivorship, and enable the husband to dispose of the leasehold estate by will.

2. An actual disposition by sale, lease, or mortgage, or contract for such object, is necessary to take away the wife's right of survivorship in a leasehold estate. A mortgage or a sale of part, or a lease of part, or for a less term, only bars the wife *pro tanto;* her right of survivorship remains in the equity of redemption, and the residue of the premises or term.

*Mr. Williamson,* for complainant.

*Mr. W. B. Williams,* for defendant.

THE CHANCELLOR.

The complainant, as administrator of the estate of Ann Riley, calls upon the defendant to account for the rents of certain leasehold property in Jersey City, held by Ann Riley at her death, and which the defendant has received; he claims to have received them in his own right, and that they are legally his own, by a bequest in the will of Miles Riley, the husband of Ann. Ann Riley became entitled to the leasehold estate by the will of her former husband, James Cummings, who bequeathed to her one third of it, and a right of support out of the other two thirds. After Cummings' death, she was married to Miles Riley, who died in her lifetime,

without having in any way aliened or disposed of the lease-hold estate; but by his will gave it to his brother Owen Riley, the defendant.

The defendant claims that Miles Riley in his lifetime had erected buildings upon this property, and collected the rents, and by this he had shown his intention to appropriate this leasehold, which, as a chattel real of his wife, he had a right to reduce into possession, and appropriate.

The evidence shows, that in the life of Miles Riley and after his marriage with Ann Cummings; buildings were erected on the premises; but the clear weight of evidence is, that they were erected by his wife, and paid for out of the rents of the whole premises, which the executors of Cum-mings permitted her to receive and collect for that purpose. Miles Riley appears to have aided by performing some work in the erection of the buildings, and to have contributed a few dollars towards the erection.

The only question that arises is, whether these leasehold premises were disposed of, or appropriated by Miles Riley in his life, so as to vest the property in him, and take away the right of his wife after his death. Miles Riley died in 1848, and this question must be decided by the law as it stood then. By that law, the personal property of a woman, upon her marriage, vested in her husband; her goods and chattels absolutely; he had the right to the possession of her choses in action, and of her chattels real, and could at any time dispose of, collect, or sell them, and by this, the proceeds of them became his absolutely; but if he did not reduce them to possession by disposing of them, or some equivalent act, they survived to her, and would not pass by his will, which did not take effect until his death, when the title had become vested in her by the survivorship.

Taking possession, collecting rents, interest, or dividends, has never been held to be a disposition of the property, or a reduction into possession, so as to take away the wife's right of survivorship. Nor has it ever been held, that the erection of buildings by the husband on the leasehold lands of the wife, was such disposition of them as to take away her right.

An actual disposition by sale, lease, or mortgage, or contract for such object, has always been required to take away the wife's right of survivorship. A mortgage or a sale of part, or a lease of part, or for a less term, only bars the wife *pro tanto;* her right of survivorship remains in the equity of redemption, and the residue of the premises or term.

In this case, no interest in the premises passed by the will of Miles Riley; the whole survived to Ann Riley, and her administrator is entitled to the fund.